IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EXPERIENCE IT STUDIOS, INC. d/b/a LIFE HERBAL, | ) ) ) |
| Plaintiff, | ) ) Case No. 18-cv-0951 |
| v. | ) ) ) |
| PRIMARK, LLC; MEDMARK, LLC; DANNY O'SHEA; BRENDAN O'SHEA; And DOES 1 to 10, inclusive; Defendants. | ) ) JURY TRIAL DEMANDED ) ) ) |

## COMPLAINT AT LAW

NOW COMES Plaintiff, EXPERIENCE IT STUDIOS, INC. d/b/a LIFE HERBAL ("Plaintiff" or "LIFE HERBAL"), by and through its attorneys of record, Amin Talati Upadhye, LLP, and hereby complains of Defendants, PRIMARK, LLC ("PRIMARK"), MEDMARK, LLC ("MEDMARK"), DANNY O'SHEA, BRENDAN O'SHEA, and DOES 1 to 10 (collectively "DEFENDANTS"), as follows:

## THE PARTIES

1. Plaintiff is an Oklahoma Corporation who does business in Illinois, and having its principal place of business at 8086 S. Yale Ave., #252, Tulsa, OK 74137.

2. Upon information and belief, Defendant PRIMARK is a Nevada limited liability company having its principal place of business at 123 W. Nye Lane, Ste. 129, Carson City, Nevada 89706. Upon information and belief, PRIMARK does business in Illinois.

3. Upon information and belief, PRIMARK's members are DANNY O'SHEA and BRANDON O'SHEA, both citizens of the State of New Jersey. PRIMARK's registered

agent is American Corporate Enterprises, Inc., located at 123 W. Nye Lane, Ste. 129, Carson City, Nevada 89706.

4. Upon information and belief, Defendant MEDMARK is a Nevada limited liability company having its principal place of business at 123 W. Nye Lane, Ste. 129, Carson City, Nevada 89706. Upon information and belief, MEDMARK does business in Illinois.

5. Upon information and belief, MEDMARK's members are DANNY O'SHEA and BRANDON O'SHEA, both citizens of the State of New Jersey. MEDMARK's registered agent is American Corporate Enterprises, Inc., located at 123 W. Nye Lane, Ste. 129, Carson City, Nevada 89706. Upon information and belief, MEDMARK is a successor in interest and/or assign of PRIMARK.

6. Upon information and belief, Defendant DANNY O'SHEA is an individual citizen of New Jersey, residing at 2 Bradley Lane, Montvale, New Jersey 07645. DANNY O'SHEA is, and was at all applicable times, a manager and member of both PRIMARK and MEDMARK.

7. Upon information and belief, Defendant BRANDON O'SHEA is an individual citizen of New Jersey, residing at 305 Wastena Ter., Ridgewood, New Jersey 07450. BRANDON O'SHEA is, and was at all applicable times, a manager and member of both PRIMARK and MEDMARK.

8. Plaintiff is currently unaware of the identities of Defendants DOES 1 to 10, acting in concert and active participation in the events alleged herein, and therefore sues such Defendants by such pseudonyms. Upon information and belief, discovery will reveal the true identities of those Defendants and Plaintiffs will then amend this Complaint to identify those Defendants by name.

9. Upon information and belief, there now exists, and at all relevant times herein there existed, a unity of interest and ownership between and among Defendants, such that any individuality and separateness between and among them has ceased to exist, and Defendants, and each of them, are the alter egos of each other. Upon information and belief, at all material times herein, each Defendant was the agent, employee, partner, or representative of every other Defendant, and each has the authority to bind the others in transactions with third parties. Upon information and belief, each Defendant named herein committed acts and omissions leading to Plaintiff's damages, were acting in concert and active participation with each other in committing the wrongful acts alleged herein, and in so doing acted within the scope and course of their agency with every other Defendant named herein and each of them authorized, directed, accepted, ratified, and approved of such actions.

## JURISDICTION AND VENUE

10. This is an action for breach of contract, arising out of the state laws of Illinois. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332, as the parties are completely diverse.

11. Plaintiff is a corporation incorporated under the laws of Oklahoma with its principal place of business in Oklahoma. Defendants PRIMARK and MEDMARK are Nevada limited liability companies with identical members who are citizens of New Jersey. Individual Defendants DANNY O'SHEA and BRANDON O'SHEA are citizens of New Jersey. The amount in controversy, without interests or costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

12. Defendants are subject to this Court's jurisdiction because, upon information and belief, Defendants regularly conduct business in this District, have committed the acts complained of herein in this District, and have caused harm in this District. In addition, Defendants operate a website which is viewable by citizens of this District.

13. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391. Upon information and belief, Defendants do business in the Northern District of Illinois, by among other things, selling their products within this District and publishing advertising materials within this District.

14. Moreover, Venue also lies in this Court pursuant to the express written agreement of the parties.

## GENERAL ALLEGATIONS

15. Plaintiff is the owner of the trademark PROTAZEN (the "Mark") which is registered with the United States Patent and Trademark Office under Registration No. 3,434,969.

16. Plaintiff has actively used the Mark in commerce in the United States in connection with dietary supplements which are used in the promotion of mental health.

17. As a result of its extensive promotional activities, and its investment of substantial time, money, and effort, Plaintiff has created substantial goodwill in the Mark. Consumers associate the Mark with the high quality supplement products which originate from Plaintiff.

18. Plaintiff markets and sells its PROTAZEN products almost exclusively on the Internet. As such, Plaintiff has a compelling need to maintain an online presence that allows it to effectively disseminate accurate and truthful information about its products to consumers.

19. Upon information and belief, Defendants own and operate www.dailyhealthanswers.com, www.consumerhealthdigest.com, www.healthsmanagmentblogspot.com and other similar websites and/or blogs (the "Website(s)").

20. The Websites purport to give unbiased "reviews" of products in various categories, providing a "top ten" ranking system. In every "top ten" list on the Websites, Defendant's products are rated "#1" or "top choice" while competing products all receive lesser ranking and sub-standard reviews.

21. The Websites do not disclose that there is any connection between Defendants and the Websites.

22. Upon information and belief, consumers are left with the impression that the Websites are published by unbiased third parties.

23. Upon information and belief, the foregoing impression is exactly what Defendants intended.

24. Defendants publish and utilize blog(s), also purporting to provide more "unbiased" reviews of Plaintiff's product.

25. On March 30, 2015, Plaintiff initiated legal action against Defendants for violations of the Lanham Act, the Illinois Deceptive Trade Practices Act, as well as various unfair competition and tortious activities in a lawsuit styled *Experience It Studios, Inc. d/b/a Life Herbal v. Primark, LLC, et al.*, Case No. 15-cv-02410 (N.D.I.L.) and complained of the exact conduct of Defendants and resulting damage to Plaintiff as described in Paragraphs 15 through 24, above.

26. Rather than litigating the dispute, the parties agreed to a settlement on May 22, 2015.

27. PRIMARK, and all other Defendants, breached the material terms of Paragraph 3(b) of the Settlement Agreement by, among other things, causing and/or failing to prevent advertisements and product reviews of Plaintiff's Products to appear on consumerhealthdigest.com.

28. Also pursuant to Paragraph 3(b) of the Settlement Agreement, "[a]ny violations of PRIMARK's Obligations under this Section 3 shall be deemed a Material Breach of this Agreement."

29. The parties agreed that the Settlement Agreement was binding on PRIMARK, its Officers, and all successors and assigns. Specifically, Paragraph 15 of the Settlement Agreement defined the scope of the Agreement as binding on:

> PRIMARK, its Officers (including O'Shea), agents, employees, successors, assigns as well as any new entities they may create in the future in which they hold any legal or equitable interest. It is also agreed and understood that this agreement and all of its provisions shall be binding on any and all affiliate marketers used by PRIMARK (directly or indirectly), its Officers (including O'Shea), agents, employees, successors, assigns as well as any new entities they may create in the future in which they hold any legal or equitable interest. PRIMARK and O'Shea are responsible for the acts of any affiliate marketers that are in violation with the terms of this Agreement (or place PRIMARK or O'Shea in violation of the terms of this Agreement if they performed said act(s)).

30. Pursuant to Paragraph 19 of the Settlement Agreement, Plaintiff is entitled to costs and reasonable attorneys' fees incurred in enforcing the provisions of the Agreement.

31. The Settlement Agreement was signed by Defendant DANNY O'SHEA, both individually and as Managing Member of Defendant PRIMARK.

32. Upon information and belief, Defendants have since caused advertisements to be created when a consumer searches for Plaintiff's products that contain false, misleading and disparaging comments about Plaintiff's products, such as: "WARNING: Do Not Buy

6

Protazen Under Your Read This Review!" *See* Google Advertisement (last visited February 5, 2018), attached hereto as Exhibit A.

33. Upon information and belief, Defendants have continued to reference PROTAZEN on consumerhealthdigest.com, as expressly forbade in the Settlement Agreement. Upon information and belief, consumerhealthdigest.com is controlled by Defendant and/or one of its affiliate marketers.

34. Upon information and belief, Defendants have recently published and utilize blog(s), also purporting to provide more "unbiased" reviews of Plaintiff's product. On the blog(s), Defendants prominently display a picture of the PROTAZEN product along with disparaging reviews of Plaintiff's product. *See* Protazen Review (last visited February 5, 2018), attached hereto as Exhibit B.

35. Upon information and belief, MEDMARK is a successor in interest to PRIMARK. MEDMARK and PRIMARK share the same principal place of business, the same registered agent in the State of Nevada, and are owned and operated by the same Members.

36. Upon information and belief, DOES 1-10 are individuals or entities affiliated with Defendants, have control and responsibility for the marketing, promotion and sale of Defendants' products and Defendants' adoption and use of Plaintiff's Mark, and personally and directly benefit from the activities complained of herein.

## COUNT I
**(Breach of Contract – All Defendants)**

37. Plaintiff hereby incorporates by reference the allegations in paragraphs 1-36 as if fully set forth herein.

38. The Mark (PROTAZEN) is a valid, protectable, well-known and federally-registered trademark.

7


39. Plaintiff owns all rights, title, interest and goodwill associated with the Mark.

40. At all times complained of herein, Defendants were aware of Plaintiff's rights in the Mark.

41. Plaintiff and Defendants DANNY O'SHEA and PRIMARK entered into a written contract (the Settlement Agreement) on May 22, 2015, with adequate consideration exchanged and full knowledge of its terms.

42. DEFENDANTS have since used the Mark in commerce without Plaintiff's knowledge or consent by refering to PROTAZEN on consumerhealthdigest.com, a website controlled by Defendants and/or their affiliated marketers. Such reference is explicitly forbidden by the terms of the Settlement Agreement.

43. DEFENDANTS' use of the Mark is a material breach of the Settlement Agreement's explicit terms prohibiting Defendants from using the Mark in any form or media, including on DEFENDANTS' controlled (or affiliate-controlled) product review websites.

44. Plaintiff has complied with all its obligations under the Settlement Agreement.

45. As a direct and proximate result of DEFENDANTS' conduct and material breach of the Settlement Agreement, Plaintiff has suffered damages, including, but not limited to loss of goodwill and lost profits.

## PRAYER FOR RELIEF

WHEREFORE, LIFE HERBAL prays for judgment against Defendants as follows:

    a) Plaintiff be awarded compensatory damages and lost profits in an amount to be determined at trial;

    b) Order specific performance of the contract requiring Defendants to remove all current and future reference to Plaintiff or its Products from Defendants' controlled, or Defendants' affiliate controlled, websites;

c) Plaintiff be awarded its reasonable attorneys' fees and costs in this action;

d) Such other relief as this Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury in this action under Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 6, 2018　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Daniel S. Tyler
　　　　　　　　　　　　　　　　　　　　　　Ryan M. Kaiser
　　　　　　　　　　　　　　　　　　　　　　Sanjay Karnik
　　　　　　　　　　　　　　　　　　　　　　Jonathan Krit
　　　　　　　　　　　　　　　　　　　　　　Daniel S. Tyler
　　　　　　　　　　　　　　　　　　　　　　Amin Talati Upadhye LLP
　　　　　　　　　　　　　　　　　　　　　　100 S. Wacker Drive, Suite 2000
　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　　　　Ph: (312) 784-1061
　　　　　　　　　　　　　　　　　　　　　　Fax: (312) 884-7352
　　　　　　　　　　　　　　　　　　　　　　ryan@amintalati.com
　　　　　　　　　　　　　　　　　　　　　　sanjay@amintalati.com
　　　　　　　　　　　　　　　　　　　　　　jonathan@amintalati.com
　　　　　　　　　　　　　　　　　　　　　　daniel@amintalati.com

　　　　　　　　　　　　　　　　　　　　　　Attorneys for Life Herbal, Inc.